IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, a limited liability partnership, KELVIN HILL, an individual, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00342-CG-B |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, a corporation, ASPEN SPECIALTY INSURANCE COMPANY, a Corporation, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Corporation, S & S SPRINKLER, LLC, a limited liability company, And MICHELE SOUTHERLAND, in her capacities as the Personal Representative and Administrator of the Estate of Samuel Eugene Southerland, Jr., Deceased, And as the surviving and dependent spouse of Decedent. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF ASPEN SPECIALTY INSURANCE COMPANY TO COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT AND OTHER RELIEF**

COMES NOW Aspen Specialty Insurance Company, LLC ("Aspen") and pursuant to Rule 8 of the Federal Rules of Civil Procedure Answers the Complaint of Georgia Pacific Consumer Products, LP ("Georgia Pacific") and Kelvin Hill ("Hill")(collectively, "Plaintiffs") for Declaratory Judgment, Breach of Contract and Other Relief as follows:

**Parties**

1. Admitted.

2. Aspen is without sufficient information or knowledge to admit or deny the allegations of this paragraph.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Aspen lacks sufficient information to admit or deny the allegations of Paragraph 7 as to the residency of each of S & S Sprinklers' members. Otherwise, admitted.

8. Admitted.

9. Aspen admits that at all material times it was qualified to do business in the State of Alabama. Aspen is without sufficient information to admit or deny the allegations of this paragraph as related to Zurich and /or National Union.

**Jurisdiction**

10. Admitted.

11. Admitted.

12. Aspen denies that Plaintiffs' requested declaratory relief presents a justiciable controversy. Aspen avers that the issues regarding potential indemnity in the event of an adverse judgment are not ripe.  Aspen admits that there is no other action  pending between the parties that presents, raises or resolves issues raised in Plaintiffs' complaint.

**GP-S&S Contract**

13. Admitted.

14. Aspen admits that Georgia Pacific and S & S Sprinkler entered into a written contract concerning the installation of a sprinkler system in Georgia Pacific's facility but denies that the written agreement was entered into in February 2014.

15. Aspen admits that paragraph 15 sets forth language contained in the February 12, 2014 Quotation attached as Exhibit A1-A-11 to the Complaint for Declaratory Judgment, Breach of Contract and Other Relief.   Aspen denies that GP has completely or accurately quoted the language from the Quotation which provides: "S&S Sprinkler Company, LLC shall provide Labor & Material to Install New Fire Sprinkler Piping in #7 & #8 Digester after New Roof has been Installed." Moreover, the written agreement between Georgia Pacific and S & S Sprinkler speaks for itself. Aspen denies that said language or Exhibit A1 – A11 incorporated in to the Complaint for Declaratory Judgment is a complete statement of the agreement of the parties.

16. Aspen admits that paragraph 16 sets forth language from the February 12, 2014 Quotation attached as Exhibit A1-A-11 to the Complaint for Declaratory Judgment, Breach of Contract and Other Relief.  The written agreement between Georgia Pacific and S & S Sprinkler speaks for itself.  Aspen denies that the remaining allegations of this paragraph.

17. Aspen admits that the parties entered into the Master Service Agreement in 2008 that speaks for itself but denies that said language is a complete or governing statement of the agreement of the parties.

18. Aspen admits that Paragraph 18 averments characterize language from the Master Service Agreement but denies that the allegations are a complete or governing statement of the agreement of the parties. The Master Service Agreement speaks for itself and is the best evidence of its terms.

19. Aspen admits that paragraph 19 partially quotes language from the Master Service Agreement that speaks for itself but denies that said language is a complete or governing statement of the agreement of the parties.

20. Aspen denies the allegation of paragraph 20 and demands strict proof thereof.

21. Aspen admits that paragraph 21 characterizes language set forth in the Master Service Agreement that speaks for itself but denies that said language is a complete or governing statement of the agreement of the parties. The Master Service Agreement speaks for itself and is the best evidence of its terms.

**Incident**

22. Admitted.

23. Aspen admits that GP scheduled the installation to occur on April 15, 2014. Otherwise Aspen denies the remaining averments in this paragraph and demands strict proof thereof.

24. Aspen admits that decedent was initially denied access through Gate 6 of the GP Facility based upon an expired Contractor's Pass otherwise Aspen denies the allegations of paragraph 24 and demands strict proof thereof.

25. Aspen denies the allegations of paragraph 25 and demands strict proof thereof.

26. Aspen denies the allegations of paragraph 26 and demands strict proof thereof.

27. Aspen denies the allegations of paragraph 27 and demands strict proof thereof.

28. Aspen denies the allegations of paragraph 29 and demands strict proof thereof.

29. Aspen denies the allegations of paragraph 29 and demands strict proof thereof.

30. Aspen admits that Decedent fell through the open and unguarded chip chute on the Tippler Floor of the No. 7 digester at the GP Facility and sustained fatal injuries but denies the remaining allegations of paragraph 30 and demands strict proof thereof.

## Southerland Lawsuit

31. Aspen admits that on June 4, 2014 Southerland filed suit against Georgia Pacific in the Circuit Court of Choctaw County including claims pursuant to Alabama's Wrongful Death Statute.   The pleadings filed in Southerland's suit speak for themselves. Aspen denies that the characterization of "Southerland Lawsuit" set forth in paragraph 31 is a complete and accurate characterization of the clams asserted in the lawsuit.

32. Aspen denies the accuracy of the characterization of the "Southerland" Lawsuit set forth in paragraph 32. Specifically, Aspen denies that the Southerland alleges and contends that Decedent's death was caused by the "acts and omissions of Roberts while Roberts was acting on behalf of S & S in performing the Contract" and demands strict proof thereof.

## Insurance Policies

33. Aspen admits that Zurich issued a General Liability Policy naming S & S Sprinkler as the Named Insured covering the period of February 2, 2014 to February 2, 2015. Aspen denies that Georgia Pacific was expressly named as an Additional Insured on the Zurich policy and demands strict proof thereof.

34. Aspen admits that it issued a follow form excess policy to S & S Sprinkler covering the period of February 1, 2014 to February 2, 2015. Aspen denies that Plaintiffs are insured under the Aspen policy issued to S & S Sprinkler for the claims presented in the "Southerland Lawsuit".

35. Aspen admits that the Zurich policy sets forth the language described in paragraph 35. Aspen denies that said language is a complete statement of the content of the Zurich policy or that said language would support a conclusion that coverage is afforded to Plaintiffs under the Zurich or Aspen policies.

36. The allegations of paragraph 36 constitute conclusions of law to which no answer is required. Aspen denies that the conclusion of law set forth in paragraph 36 supports a conclusion that coverage is owed to Plaintiffs. Aspen denies the allegations of paragraph 36 to the extent they may be deemed allegations of fact.

**Coverage/Denial**

37. Aspen admits that it was notified of the Incident and Southerland's Lawsuit. Aspen lacks sufficient information to admit or deny the notice provided to the other insurers or S & S Sprinkler.

38. Aspen admits that Zurich has extended and continues to extend a defense to Georgia Pacific for the "Southerland Lawsuit" under a reservation of rights. Aspen denies that the remaining allegations of paragraph 38 as the same relate to Aspen and demands strict proof thereof.

39. Aspen avers that the coverage under its excess policy has not yet been triggered by exhaustion of the controlling underlying insurance issued by Zurich. Aspen admits that it has notified Georgia Pacific that it may not owe coverage for the claims

asserted against Plaintiffs in the "Southerland Lawsuit". Aspen denies the remaining

allegations of paragraph 39 and demands strict proof thereof.

## COUNT I

### (Insurance Coverage/Indemnification)

40. Aspen adopts and re-alleges its answers to paragraphs 1 – 39.

41. Aspen admits that Southerland alleges that Decedent's death was proximately caused

by the negligence of Georgia Pacific but denies that Southerland alleges that

Decedent's death was caused by the negligence of Roberts and avers that

Southerland's pleadings in the Southerland Lawsuit speak for themselves.

42. Denied.

43. Denied.

Aspen denies that Plaintiffs are entitled to relief sought in the unnumbered paragraph

below paragraph 43, including subparts a – d.

## COUNT II

### (Indemnity Obligations to S & S to Plaintiffs)

44. Aspen adopts and re-alleges its answers to paragraphs 1 – 43.

45. Admitted.

46. Denied.

Aspen denies that Plaintiffs are entitled to relief sought in the unnumbered paragraph

below paragraph 46, including subparts a – c.

## COUNT III

### (Breach of Contract – S & S)

47. Aspen adopts and re-alleges its answers to paragraphs 1 – 46.

48. Aspen denies that Plaintiffs are entitled to the alternative relief sought.

49. Denied.

50. Denied.

Aspen denies that Plaintiffs are entitled to the relief sought in the unnumbered paragraph below paragraph 50, including subparts a – c.

### AFFIRMATIVE DEFENSES

1. Plaintiffs' complaint fails to state a claim upon which relief can be granted.

2. Aspen pleads the general issue.

3. Plaintiffs' claims for indemnity are premature and do not constitute a ripe controversy until a determination of the purported insureds' liability to the underlying claimants.

4. Aspen's coverage obligations to Plaintiffs, to the extent that any exist, are not implicated until Plaintiffs have exhausted all other forms of insurance that are primary over Aspen's excess policy.

5. Aspen's coverage obligations to Plaintiffs, to the extent that any exist, should be apportioned pro rata with all other forms of insurance simultaneously afforded to Plaintiffs.

6. Aspen's coverage obligations under the policy issued to S & S Sprinkler are governed by the four corners of the Aspen policy and not agreements between S & S Sprinkler and Georgia Pacific.

Respectfully submitted,

/s/ **Howard K. Glick**
Howard K. Glick ASB-1176-K64H
Lindsay Hembree ASB-9014-I40H
Daniel S. Weber  ASB-2846-C13I
Attorneys for Aspen Specialty Insurance Company

OF COUNSEL
Simpson, McMahan, Glick & Burford, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, AL  35223-2468
Ph: (205) 876-1600
Fax: (205) 876-1616
Email: hkglick@smgblawyers.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 10, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mack B. Binion
Sarah Bond Dorger
Briskman & Binion, P.C.
P.O. Box 43
Mobile, Alabama
mbinion@briskman-binion.com
sdorger@briskman-binion.com

John W. Dodson
Michelle L. Crunk
Dodson Gregory LLP
P.O. Box 530725
Birmingham, Alabama 35253-0725
jwd@dodsongregory.com
mlc@dodsongregory.com

Thomas M. O'Hara
J. Blair Newman, Jr.
McDowell Knight Roedder & Sledge, LLC
11 N. Water Street, Ste. 13290
Mobile, AL  36602
tohara@mcdowellknight.com
bnewman@mcdowellknight.com
Attorneys for
Zurich American Insurance Company

Robert Mitchell
Cunningham Bounds, LLC
1601 Dauphin Street
Mobile, Alabama 36607
Attorney for Michelle Southerland
rlm@cunninghambounds.com

I hereby certify that on this 3rd day of August, 2015, I have served the foregoing document to all other parties via U.S. Mail:

S&S Sprinkler, LLC
c/o Stanley A. Cash
Huie, Fernabucq and Stewart, LLP
Three Protective Center, Ste. 200
2801 Hwy 280 South
Birmingham, AL 35223

/s/ *Howard K. Glick*
Of Counsel