## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **CIVIL ACTION 15-0342-WS-B** ) |
| **ZURICH AMERICAN INSURANCE COMPANY, etc., et al.,** | ) ) ) |
| **Defendants.** | ) |

### ORDER

This action was recently transferred to the docket of the undersigned. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Upon review of the file, the Court concludes that the existence of subject-matter jurisdiction remains uncertain.

The complaint in this declaratory judgment action invokes diversity jurisdiction. As the parties asserting federal jurisdiction, the plaintiffs bear the burden of demonstrating its existence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). In the diversity context, the plaintiffs must show both the existence of complete diversity of citizenship and that more than $75,000 is in controversy, exclusive of interest and costs. As this case concerns financial responsibility in a wrongful death lawsuit, it appears that more than $75,000 is in controversy.[1] However, the Court cannot on the present record confirm that no plaintiff is a citizen of the same state as any defendant.

"When a plaintiff files suit in federal court, she must allege facts that, if true, show federal subject matter jurisdiction over her case exists." *Travaglio v.*

---

[1] E.g., Roe v. Michelin North America, Inc., 613 F.3d 1058, 1064-66 (11th Cir. 2010); *Nelson v. Whirlpool Corp.*, 668 F. Supp. 2d 1368, 1374-75 (S.D. Ala. 2009).

*American Express Co*., 735 F.3d 1266, 1268 (11th Cir. 2013).  "Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant."  *Id*.  "That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case."  *Id*. at 1269.  The complaint fails this test at several points.

First, the complaint alleges that the individual plaintiff  "resides" in Louisiana.  (Doc. 1 at 2).  "Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."  *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994); *accord Travaglio v. American Express Co*., 735 F.3d 1266, 1269 (11th Cir. 2013).  Citizenship "is equivalent to domicile" and "requires both residence in a state and an intention to remain there indefinitely."  *Id*. (internal quotes omitted).  An allegation of residence but not citizenship exposes a complaint to dismissal for want of subject matter jurisdiction.  *Beavers v. A.O. Smith Electrical Products Co*., 265 Fed. Appx. 772, 778 (11th Cir. 2008).

Second, the complaint alleges that the personal representative of the decedent resides in Alabama.  (Doc. 1 at 3).  For purposes of Section 1332, "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."  28 U.S.C. § 1332(c)(2).  "Where an estate is a party, … the citizenship that counts for diversity purposes is that of the decedent."  *Moore v. North America Sports, Inc*., 623 F.3d 1325, 1327 n.2 (11th Cir. 2010).  The complaint pleads only the residence of the personal representative, not the citizenship of the decedent.

Third, the complaint alleges that the entity plaintiff is a limited partnership, and that one of the defendants is a limited liability company, yet the complaint does not identify each partner and each member and does not allege the citizenship of each.  As for the limited partnership, the complaint simply denies that any of its

unidentified partners is a citizen of certain states; as for the LLC, the complaint alleges only that its unidentified members are "residents" of Alabama. (Doc. 1 at 2-3). Such sweeping statements and denials are inadequate to sustain the plaintiff's burden of pleading the existence of subject matter jurisdiction. Moreover, it may be (as is often the case) that some of the partners and members are themselves artificial entities. "When an entity is composed of multiple layers of constituent entities, the citizenship determination requires an exploration of the citizenship of the constituent entities as far down as necessary to unravel fully the citizenship of the entity before the court." *Purchasing Power, LLC v. Bluestern Brands, Inc.*, 2015 WL 73890 (N.D. Ga. 2015) (internal quotes omitted); *accord Pinnacle Towers LLC v. Airpowered, LLC*, 2015 WL 789167 at *2 (M.D. Fla. 2015).

"[O]nce a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Underwriters at Lloyd's v. Osting Schwinn*, 613 F.3d 1079, 1092 (2010) (internal quotes omitted). Thus, "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[2]

For the reasons set forth above, the plaintiffs are **ordered** to file and serve, on or before **November 18, 2015**, an amended complaint that adequately sets forth this Court's subject matter jurisdiction,[3] failing which the action will be dismissed without prejudice for want of such jurisdiction.

---

[2] The Court recognizes that four defendants have admitted the complaint's allegation that diversity jurisdiction exists. This is irrelevant to the Court's inquiry, however, because "subject matter jurisdiction cannot be waived or conferred on a court by consent of the parties." *Eagerton v. Valuations, Inc.*, 698 F.2d 1115, 1118 (11th Cir. 1983).

[3] Because "[s]ubject matter jurisdiction is ordinarily tested as of the time of filing the complaint," *Damiano v. FDIC*, 104 F.3d 328, 334 (11th Cir. 1997), the amended complaint should focus on the parties' citizenship as of July 2, 2015 unless the plaintiffs have good reason to do otherwise.

DONE and ORDERED this 4th day of November, 2015.

<u>s/ WILLIAM H. STEELE</u>
CHIEF UNITED STATES DISTRICT JUDGE