IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 15-0342-WS-B ) |
| ZURICH AMERICAN INSURANCE COMPANY, etc., et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

The Court previously pointed out several defects in the complaint's pleading of citizenship and ordered the plaintiffs "to file and serve, on or before November 18, 2015, an amended complaint that adequately sets forth this Court's subject matter jurisdiction …." (Doc. 59 at 3). The plaintiffs have not done so. Instead, they have filed a motion for leave to amend the complaint and amend the scheduling order. (Doc. 61). The purposes of the proposed amended complaint are to amend the citizenship allegations, to add new defendants, and to add new claims. (*Id*. at 1).

As the plaintiffs have been advised, the Court is powerless to act in the absence of subject matter jurisdiction. (Doc. 59 at 3). Because the plaintiffs have not complied with the Court's previous order, they have not satisfied the Court of its subject matter jurisdiction. Accordingly, the motion to amend is **denied**, without prejudice to the plaintiffs' ability to seek such relief if and when they comply with the Court's order regarding the establishment of subject matter jurisdiction. The plaintiffs' motion to dismiss two defendants, (Doc. 60), is **denied** on the same basis.

The plaintiffs are **ordered** to file and serve, on or before **November 24, 2015**, an amended complaint that adequately sets forth this Court's subject matter jurisdiction (and which makes no other changes to the original complaint), failing which the action will be dismissed without prejudice for want of such jurisdiction.[1]

DONE and ORDERED this 19th day of November, 2015.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court has reviewed the proposed amended complaint and notes that it is inadequate to meet the plaintiffs' pleading burden, in that it does not allege (as previously advised by the Court, (Doc. 59 at 2)), the citizenship of the decedent. The Court is aware that the plaintiffs desire to dismiss this defendant, (Doc. 60), but, as the Court has previously noted, "subject matter jurisdiction is ordinarily tested as of the time of filing the complaint." (Doc. 59 at 3 n.3 (internal quotes omitted)).