**IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER )<br>PRODUCTS LP, a limited liability )<br>partnership, KEVIN HILL, an )<br>individual, )<br> )<br>     Plaintiffs, )<br> )<br>v. )<br> )<br>ZURICH AMERICAN INSURANCE )<br>COMPANY, S&S SPRINKLER, LLC,)<br>et al., )<br> )<br>     Defendants. ) | CASE NO. 1:15-cv-00342 |

**S&S'S ANSWER TO PLAINTIFF SECOND
AMENDED COMPLAINT**

COMES NOW, S&S Sprinkler Co., L.L.C. ("S&S") and in response to the Plaintiff's Second Amended Complaint states as follows:

## <u>PARTIES</u>

1.     This Defendant does not have sufficient information to know the citizenships of all of the parties as alleged in the Second Amended Complaint ("Complaint"); however, this Defendant is not contesting the jurisdiction of this Court.

2.     This Defendant does not have sufficient information to admit or deny the Plaintiff's corporate structure as set forth in paragraph two of the

Complaint.  However, this Defendant does not contest the Court's jurisdiction of this matter.

3.     Admitted.

4.     Admitted.

5.     Admitted.

6.     Admitted.

7.     Admitted.

8.     Admitted.

9.     Admitted.

## JURISDICTION

10.     Admitted.

11.     Admitted.

12.     Admitted.

## GP-S&S CONTRACT

13.     Admitted.

14.     S&S admits that it prepared an estimate based on time and material not to exceed $4,375.  In April of 2014 "Georgia-Pacific" issued a Purchase Order with a start date of April 21, 2014 with the amount not to exceed $4,375.  To the extent the allegations in this paragraph may be contrary to the express admissions above, they are denied.

15.     Denied.

16.    Denied.

17.    This Defendant denies that there was a Master Service Agreement that was applicable for the work in question; therefore, this paragraph is denied.

18.    Admitted.

19.    This Defendant incorporate responses to paragraphs 14, 16 and 17 as if fully set forth herein.  However, this Defendant admits that Turner and/or CRC prepared the Certificates of Insurance that described the policies and coverages.  Except expressly admitted above, this paragraph is denied.

20.    See response to paragraphs, 14, 16 & 17.  Thus, this paragraph is denied.

21.    Denied.

## INCIDENT

22.    The Purchase Order provides for a start date of April 21, 2014 and end date of April 25, 2014.  However, this Defendant admits that on April 14, 2014 Georgia-Pacific requested the work to be performed on April 15, 2014.  Unless expressly admitted above, this paragraph is denied.

23.    The Purchase Order provides for a start date of April 21, 2014 and end date of April 25, 2014.  However, this Defendant admits that on April 14, 2014 Georgia-Pacific requested the work to be performed on April 15, 2014.  Unless expressly admitted above, this paragraph is denied.

24.    The allegation that "at all times material and as to the matters alleged herein" is vague and uncertain.  However, this Defendant admits that Sam Southerland and Simon Waldrop were employees of S&S and were working within the line and scope of their employment in the efforts of installing the sprinkler system.   Unless expressly admitted herein, this paragraph is denied.

25.    This Defendant provided safety training for its employees, including Sam Southerland and Simon Waldrop.  This safety training also included training regarding guardrails.  To the extent that this paragraph is argumentative and appears to request this Defendant to admit that Sam Southerland violated safety training or Georgia-Pacific rules and regulations, this paragraph is denied.   Thus, unless expressly admitted herein, this paragraph is denied.

26.    This Defendant admits that on the morning of the accident Georgia-Pacific advised Sam Southerland that his contractor pass had expired.  However, Georgia-Pacific allowed Sam Southerland to enter the Georgia-Pacific facility.  To the extent not expressly admitted above, this paragraph is denied.

27.    Denied.

28.    Denied.

29.    Denied.

30.     This Defendant admits that at one time Sam Southerland was on the "walkway side" of the tripper car floor.   However, unless expressly admitted above, this paragraph is denied.

31.     This Defendant admits that Sam Southerland was at one time on the "walkway side" of the tripper car floor and that he crossed, what Georgia-Pacific indicates was a guardrail, to assist Roberts.   This Defendant further admits that Mr. Southerland fell into the chute which ultimately resulted in his fatal injuries.   However, except as expressly admitted above, this paragraph is denied.

32.     This Defendant admits that if Mr. Southerland had not stepped into the chute, he would not have received fatal injuries.   However, except as expressly admitted above, this paragraph is denied.

## SOUTHERLAND LAWSUIT

33.     This Defendant admits that on June 4, 2014 Michelle Southerland filed suit against Georgia-Pacific and Hill.   This Defendant further admits that the Complaint included various fictitious parties.   However, this Defendant denies that Michelle Southerland ever "filed suit" against fictitious parties since no fictitious parties were ever added as defendants by Michelle Southerland.   Except to the extent expressly admitted above, this paragraph is denied.

5

34.    Georgia-Pacific and Hill were the only named parties which Michelle Southerland claimed combined and concurred in negligently and wantonly causing Mr. Southerland's death.   This Defendant admits that the Complaint did include fictitious parties, however, no defendants were ever added for fictitious parties.  Except to the extent expressly admitted above, this paragraph is denied.

## INSURANCE POLICIES

35.    Admitted.

36.    Admitted.

37.    This Defendant admits that the quoted language is contained in the Additional Insured Endorsement, but denies that is the entire "pertinent part" of the endorsement.

38.    This paragraph constitutes a conclusion of law which no answer is required.   However, if an answer is required, it is denied pending additional discovery.

## COVERAGE/DENIAL

39.    Admitted.

40.    Admitted.

41.    This Defendant does not have sufficient information to admit or deny this paragraph; therefore, at this time it is denied.

42.    Admitted.

## MEDIATION/SETTLEMENT

43.　　Admitted.

44.　　Admitted.

45.　　This Defendant does not have sufficient information to admit or deny the allegations of the paragraph; therefore, at this time it is denied.

46.　　It is this Defendant's understanding that Zurich did tender its policy limits at the July 8th, 2015 mediation.  However, this Defendant does not have sufficient information to admit or deny the remaining allegations of this paragraph; therefore, at this time they are denied.

47.　　Admitted.

48.　　Admitted.

49.　　This Defendant admits that the parties scheduled a second mediation for September 22, 2015.  However, this Defendant does not have sufficient information to admit or deny that it was scheduled "with difficulty"; therefore that allegation is denied.

50.　　Admitted.

51.　　This Defendant admits that Georgia-Pacific authorized the settlement to resolve the Southerland lawsuit.  This Defendant does not have sufficient information to determine Georgia-Pacific's basis for such authority; therefore, to the extent not expressly admitted, this paragraph is denied.

52.     This Defendant does not have sufficient information to admit that Aspen and National were fully apprised of the negotiations; however, otherwise this Defendant admits this paragraph.

53.     Admitted.

54.     This Defendant is not aware, one way or the other, whether Aspen and National objected to the settlement.    Therefore, that portion of the paragraph can neither be admitted nor denied.    However, this Defendant admits that the settlement amount was confidential.

55.     This Defendant does not have sufficient information to admit or deny that Aspen and National were on notice of and had actual knowledge; therefore, this Defendant cannot admit nor deny the allegations of the paragraph.    Therefore, the allegations in this paragraph are denied.

56.     This Defendant does not have sufficient information to admit or deny the allegations of the paragraph; therefore, at this time they are denied.

57.     This Defendant does not have sufficient information to admit or deny the allegations of the paragraph; therefore, at this time they are denied.

58.     This Defendant admits that Plaintiffs made demands upon Aspen, National and S&S to indemnify Plaintiffs.    This Defendant further admits that S&S has refused to indemnify the Plaintiffs.    However, except to the extent expressly admitted above, this paragraph is denied.

59.    S&S is unaware of any grounds that it had to object to the settlement and admits it did not object to the settlement Georgia-Pacific voluntary entered into with Michelle Southerland.  This Defendant does not have sufficient information to admit or deny whether Aspen or National Union objected.   Therefore, except to the extent expressly admitted above, the allegations of this paragraph are denied.

## COUNT ONE

## ASPEN AND NATIONAL – BREACH OF CONTRACT/COVERAGE

60.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 59 above.

61.    This paragraph makes no allegation regarding S&S and thus a response is not necessary.

62.    This paragraph makes no allegation regarding S&S and thus a response is not necessary.

For its response to the unnumbered paragraphs following paragraph 62, there is no allegation against S&S and thus no response is required.

## COUNT TWO

## ASPEN AND NATIONAL – NEGLIGENCE

63.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 59 above.

64.     This paragraph makes no allegation regarding S&S and thus a response is not necessary.

65.     This paragraph makes no allegation regarding S&S and thus a response is not necessary.

For its response to the unnumbered paragraphs following paragraph 65, there is no allegation against S&S and thus no response is required.

## COUNT THREE

## ASPEN AND NATIONAL – BAD FAITH

66.     This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 59 above.

67.     This paragraph makes no allegation regarding S&S and thus a response is not necessary.

68.     This paragraph makes no allegation regarding S&S and thus a response is not necessary.

69.     This paragraph makes no allegation regarding S&S and thus a response is not necessary.

For its response to the unnumbered paragraphs following paragraph 71, there is no allegation against S&S and thus no response is required.

## COUNT FOUR

## ASPEN AND NATIONAL – BAD FAITH – "ABNORMAL"

70.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 69 above.

71.    This paragraph makes no allegation regarding S&S and thus a response is not necessary.

72.    This paragraph makes no allegation regarding S&S and thus a response is not necessary.

For its response to the unnumbered paragraphs following paragraph 72, there is no allegation against S&S and thus no response is required.

## COUNT FIVE

## S&S – BREACH OF CONTRACT -- INDEMNITY

73.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 35 and 40 through 59 above.

74.    Denied.

75.    This Defendant admits that S&S had notice of the accident and of the Southerland lawsuit and that Georgia-Pacific tendered the defense of the Southerland lawsuit, which was defended by Zurich Insurance and Zurich Insurance paid its policy limits.  Except to the extent expressly admitted above, the allegations of this paragraph are denied.

76.    Denied.

11

77.    Denied.

For its response to the unnumbered paragraphs following paragraph 77, S&S requests the Court to enter a verdict that S&S obtained any contractually required coverage. Otherwise, the request contained in the unnumbered paragraphs are denied.

## COUNT SIX

## S&S, TURNER AND CRC – ADDITIONAL BREACH OF CONTRACT

78.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10 and 13 through 59 above.

79.    This Defendant admits that pursuant to the Terms and Conditions of the Purchase Order that S&S was to obtain coverage adding Georgia-Pacific as an additional insured. To the extent that the allegations of this paragraph are in addition to that expressly admitted above, they are denied.

80.    This Defendant provided the insurance as requested by Georgia-Pacific. This Defendant further admits that as of this time that Aspen and National have denied coverage to Georgia-Pacific. Except as expressly admitted above, this paragraph is denied.

81.    This Defendant admits that various Certificates of Insurance stated that the policies of insurance were primary and non-contributory. This Defendant specifically denies that it prepared the Certificates of Insurance. This Defendant further admits that Aspen and National have, to date, denied

coverage.  Except as expressly admitted above, the remainder of this paragraph is denied.

82.    Denied.

83.    To the extent this paragraph's use of the term "contract" refers to a Master Service Agreement, it is denied.  Otherwise this request is admitted.

84.    Denied.

For its response to the unnumbered paragraphs following paragraph 84, S&S requests the Court to enter a verdict that S&S obtained any contractually required coverage.   Otherwise, the requests contained in this unnumbered paragraph are denied.

## COUNT SEVEN

## S&S, TURNER, & CRC – NEGLIGENCE

85.    This Defendant adopts and incorporates its answers to paragraphs 1 through 10, 13 through 59 and 77 through 84 above.

86.    As it relates to the allegations against S&S, this paragraph is denied.   No response is required of this Defendant as it relates to the allegations against Turner and/or CRC.

For its response to the unnumbered paragraphs following paragraph 86, S&S requests the Court to enter a verdict in favor of S&S.  Otherwise, the requests contained in the unnumbered paragraph are denied.

## COUNT EIGHT

## FRAUD/MISREPRESENTATION

87.     This Defendant adopts and incorporates its answers to paragraphs 1 through 10, 13 through 59 and 77 through 84.

88.     The Certificates of Insurance were not "provided" by S&S. Therefore, the allegations as they relate to S&S are denied.  This Defendant admits that Turner and/or CRC provided Certificates of Insurance to Georgia-Pacific as alleged in this paragraph.  Therefore, except to the extent expressly admitted above, this paragraph is denied.

89.     This Defendant admits that the insurers are denying coverage; however, this Defendant does not have sufficient information to admit or deny the present basis for that denial.  Therefore, except to the extent expressly admitted above, this paragraph is denied.

90.     As it relates to the allegations against S&S, this paragraph is denied.  No response is required of this Defendant as it relates to allegations against Turner and CRC.

For its response to the unnumbered paragraphs following paragraph 90, S&S requests the Court to enter a verdict in favor of S&S.  Otherwise, the requests contained in this unnumbered paragraph are denied.

**COUNT NINE**

**DECLARATORY JUDGMENT – INSURANCE
COVERAGE/INDEMNIFICATION**

91.    This Defendant adopts and incorporates its answers to paragraphs
1 through 10 and 13 through 59 above.

92.    This Defendant admits that in the Southerland lawsuit it was
alleged that Mr. Southerland's death was proximately caused by the combining
and incurring negligence and/or wantonness of various GP personnel.  This
Defendant further admits that there were fictitious parties stated in the
Complaint, but no defendants were ever substituted for the fictitious parties.
Except to the extent expressly admitted above, this paragraph is denied.

93.    Denied.

94.    Denied.

95.    This Defendant denies that it owes indemnification to the Plaintiff.
As it relates to the allegations against Aspen and National, no respond is
required of this Defendant.  Except as expressly admitted above, this paragraph
is denied.

For its response to the unnumbered paragraphs following paragraph 95,
they are denied.  This Defendant requests a judgment that it owes no duty to
Plaintiffs and an award of costs, fees and expenses as permitted by law and
contract.

## DEFENSES

### FIRST DEFENSE

S&S pleads that it does not owe indemnity to the Plaintiffs since the Plaintiff's loss was based solely on their own wrongful conduct.

### SECOND DEFENSE

S&S denies that it breached any contract to obtain insurance on behalf of the Plaintiffs and denies that it has an obligation to indemnify the Plaintiffs and thus S&S pleads the general issue.

### THIRD DEFENSE

S&S pleads that the Master Service Agreement relied upon by the Plaintiff provides that it shall be interpreted and governed by the laws of the State of Delaware.  However, by pleading Delaware law, S&S is not admitting that the document relied upon by Plaintiff is controlling.  The Terms and Conditions of the contract/purchase order for the work in question provide that it shall be interpreted and governed by the laws of the State of Georgia. S&S thus pleads Georgia law regarding the Terms and Conditions.

### FOURTH DEFENSE

S&S pleads that Kelvin Hill is not a proper party or real party in interest to this action since he did not personally pay for his defense or settlement.

## FIFTH DEFENSE

S&S pleads as a set off the amounts paid by Zurich in the defense and contribution towards the settlement of the underlying case.

## SIXTH DEFENSE

S&S pleads that Zurich's providing of a defense and payment of policy limits towards the settlement of the underlying claim satisfies any obligation there may have been to provide insurance for the benefit of the Plaintiffs.

## SEVENTH DEFENSE

S&S pleads waiver and estoppel.

## EIGHTH DEFENSE

S&S pleads that it would be against public policy of the State of Delaware and/or the State of Alabama and/or the State of Georgia, under the facts of this case, to require S&S to indemnify Georgia-Pacific Consumer Products, LP and Mr. Hill for their own reckless or wanton conduct.

## NINTH DEFENSE

S&S pleads that it would be against public policy of the State of Delaware and/or the State of Alabama and/or the State of Georgia, under the facts of this case, to require S&S to indemnify Georgia-Pacific Consumer Products, LP and Mr. Hill for punitive damages.

## TENTH DEFENSE

S&S pleads that as a matter of law the Plaintiffs could not be liable in the underlying suit for the acts of S&S or any third party, thus the settlement ("loss") in the underlying case necessarily arose from and was based entirely on the Plaintiff's sole wrongful conduct.

## ELEVENTH DEFENSE

This Defendant pleads Del. Code Title VI § 2704 that the indemnification provision is void as against public policy.

## TWELFTH DEFENSE

The 2008 Master Service Agreement relied upon by Plaintiffs was "superseded" by the June 4, 2012 Extension of the June 5, 2007 Master Service Agreement.  The Master Service Agreement dated January 5, 2007 expired by its terms on December 31, 2012.

## THIRTEENTH DEFENSE

This Defendant pleads Novation.

## FOURTEENTH DEFENSE

The Plaintiffs have waived and are estopped from contending that S&S was required to provide the coverage referenced in the 2008 Master Service Agreement since in 2013 and 2014 Georgia-Pacific wrote S&S requesting an additional insured endorsement or the equivalent.  In response, S&S provided to Georgia-Pacific the Zurich Additional Insured Endorsement on three

occasions prior to the accident in question and Georgia-Pacific accepted the Zurich endorsement as complying with the contract.

## FIFTEENTH DEFENSE

This Defendant pleads contributory negligence.

## SIXTEENTH DEFENSE

This Defendant pleads assumption of risk.

## SEVENTEENTH DEFENSE

This Defendant denies that the Plaintiff's loss arose out of or resulted from S&S work.

## EIGHTEENTH DEFENSE

The 2008 Master Service Agreement relied upon by Plaintiffs was with Georgia-Pacific Consumer Operations, LLC, not the Plaintiffs.  Therefore, the Plaintiffs were not parties to that contract and have no capacity or privity to bring suit for breach of the Agreement.

## NINETEENTH DEFENSE

The Plaintiffs were not parties to the 2008 Master Service Agreement, therefore, S&S owed them no duty related to the Agreement.

## TWENTIETH DEFENSE

At the time the 2008 Master Service Agreement was entered into, Georgia-Pacific Consumer Operations, LLC was not registered to do business in the State of Alabama; therefore, the contract is not enforceable against S&S.

## TWENTY-FIRST DEFENSE

The tort claim does not state a cause of action.

## TWENTY-SECOND DEFENSE

There is no Agreement that requires S&S to indemnify Plaintiff's for their own reckless or wanton conduct.

## TWENTY-THIRD DEFENSE

The claim against the Plaintiffs did not arise from the negligence of S&S; therefore, the workers' compensation excluding provisions applies.

## TWENTY-FIFTH DEFENSE

This Defendant pleads the exclusivity provision of the workers' compensation laws.

## TWENTY-SIXTH DEFENSE

The Plaintiff's tort claim fails to state a cause of action

Respectfully Submitted,


/s/John D. Herndon_____
Stanley A. Cash
(ASB-8923-a31s)
John D. Herndon
(ASB-0729-r74j)
Attorneys for S&S Sprinkler Co., L.L.C.

OF COUNSEL:
HUIE, FERNAMBUCQ & STEWART, LLP
THREE PROTECTIVE CENTER, SUITE 200
2801 HIGHWAY 280 S
BIRMINGHAM, AL 35223-2484
TELEPHONE:  (205) 251-1193
FACSIMILE:  (205) 251-1256
E-MAIL:      scash@huielaw.com
                  jherndon@huielaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have on this the 15th day of January, 2016, served a copy of the foregoing on all counsel listed below and via the E-file System and/or served via email:

**Attorneys for Plaintiffs, Georgia-Pacific, LP and Kelvin Hill**

**Mack B. Binion**
**Sarah B. Dorger**
BRISKMAN & BINION, P.C.
Post Office Box 43
Mobile, Alabama 36601
mbinion@briskman-binion.com
sdorger@briskman-binion.com

**M. Warren Butler**
**Scott D. Stevens**
Starnes Davis Florie LLP
P. O. Box 1548
Mobile, AL 36633-1548
wbutler@starneslaw.com
sstevens@starneslaw.com

**Attorneys for Zurich American Insurance Co.**

**J. Blair Newman, Jr.**
11 N. Water St., Suite 13290
Mobile, AL 36602
bnewman@mcdowellknight.com

**Thomas M. O'Hara**
McDowell Knight Roedder & Sledge, L.L.C.
P.O. Box 350
Mobile, AL 36601
tohara@mcdowellknight.com

**Attorney for National Union Fire Ins. Co. Of Pittsburgh, PA**

**John W. Dodson**
**Michelle Leigh Crunk**
Dodson Gregory, LLP
PO Box 530725
Birmingham, AL 35253
jwd@dodsongregory.com
mlc@dodsongregory.com

**Attorneys for Aspen Specialty Ins. Co.**

**Howard K. Glick**
2700 Highway 280
Suite 203W
Birmingham, AL 35223
hkglick@smgblawyers.com

**Daniel Scott Weber**
**Lindsey Paige Hembree**
Simpson, McMahan, Glick & Burford, PLLC
The Mountain Brook Center
2700 Highway 280, Suite 203W
Birmingham, AL 35223
dsweber@smgblawyers.com
lphembree@smgblawyers.com

**Attorney for Turner Insurance
and Bonding Company, Inc.**

Daniel S. Wolter
Daniel Wolter Law Firm, LLC 402
Office Park Drive, Ste 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

**Attorneys for CRC Insurance
Services, Inc.**

J. Rushton McClees
Jaime C. Erdberg
Sirote & Permutt, P.C.
3211 Highland Avenue South
Post Office Box 35255-5727
rmcclees@sirote.com
jerdberg@sirote.com
rbaugh@sirote.com

/s/John D. Herndon_____
Of Counsel