IN THE UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS, LP, and KELVIN HILL, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:15-cv-00342-WS-B |
| ASPEN SPECIALTY INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, S&S SPRINKLER, LLC, TURNER INSURANCE AND BONDING COMPANY, INC., and CRC INSURANCE SERVICES, INC. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MOTION FOR PROTECTIVE ORDER

COMES NOW Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union"), by and through its counsel of record, and pursuant to Rule 26(c)(1)(D), moves this Honorable Court for a protective order prohibiting the deposition of the National Union corporate representative or, in the alternative, prohibiting inquiry into the following topics identified in Exhibit A to the Notice of Deposition of National Union's Rule 30(b)(6) representative. As grounds therefor, National Union states as follows:

### Procedural Posture

1.     This action was commenced by Plaintiffs as a declaratory judgment action on July 2, 2015. Plaintiffs have since amended their complaint twice, the second time alleging bad faith claims against defendants Aspen Specialty Insurance Company ("Aspen") and National Union as

well as adding additional defendants.[1]  National Union contends that Plaintiffs are not entitled to bad faith discovery until Plaintiffs establish entitlement to coverage under the National Union policy.

2.    The discovery Plaintiffs need from defendants Aspen and National Union to fully present their claim for coverage is quite limited.  In recognition that the coverage issues can be addressed summarily by the Court, National Union filed a Motion to Dismiss the claims against it (doc. 121).  National Union also filed a Motion to Bifurcate Bad Faith Claims and Stay Bad Faith Discovery (doc. 126) setting forth the reasons why discovery as to the bad faith claims should be stayed until the issue of coverage is decided by the pending motion to dismiss or summary judgment.  Briefing on the motions by the parties was completed on February 23, 2016, pursuant to the briefing schedules set by the Court (docs. 130 and 149).

3.    Plaintiffs requested that each of the Defendants provide a date for their Rule 30(b)(6) corporate representative to be deposed.  Counsel for National Union and Plaintiffs agreed to a schedule pursuant to which the deposition of the National Union corporate representative would take place the week of March 21, 2016.  Thereafter, Plaintiffs issued their 30(b)(6) notice and designated broad areas of inquiry.  The vast majority of the areas of inquiry relate to Plaintiffs' bad faith claims or relate to Plaintiffs' claims against National Union's named insured, S&S Sprinkler, LLC ("S&S"), for contractual indemnity.

4.    National Union seeks an order prohibiting the deposition of the National Union corporate representative or, in the alternative, an order prohibiting inquiry into certain Rule 30(b)(6) Topics in Exhibit A to the Notice of Deposition (attached hereto as Exhibit A).

---

[1] On March 2, Plaintiffs also filed a motion to amend their complaint a third time.  That motion has not yet been fully briefed or ruled upon.

5. In accordance with Rule 26(c)(1), the undersigned counsel hereby certifies conferring with Plaintiffs' counsel on February 29, 2016 at 10:00 A.M. in a good faith effort to resolve this dispute without court action.

### Deposition Discovery to National Union is Irrelevant to Plaintiffs' Claims

6. Discovery must be relevant to the claims or defenses in the case, and Rule 26(b)(1) provides: "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense ... ." FED. R. CIV. P. 26(b)(1).

7. Deposition discovery of the insurer in a declaratory judgment action relative to the construction of an insurance policy is not relevant to the parties' claims or defenses and should not be permitted. Construction of an insurance policy presents a question of law for the Court, not one of fact for the jury. *See Pennsylvania Nat. Mut. Cas. Ins. Co. v. Roberts Bros, Inc.*, 550 Fs.upp.2d 1295, 1305 (S.D. Ala.2008) ("In Alabama, the interpretation of insurance policies is for courts to decide in the first instance, and policy terms must be given their ordinary meaning.").

8. The interpretation of policy provisions by National Union's corporate representative is likewise not relevant to the Court's determination of the coverage issues, and therefore, should not be permitted. *See Diamond State Ins. Co. v. His House, Inc*., No. 10-20039-CIV, 2011 WL 146837 (S.D. Fla. Jan. 18, 2011); *Medmarc Cas. Ins. Co. v. Ventura,* No. 07-23300-CIV, 2008 WL 4371311 (S.D. Fla. Sept. 18, 2008).

9. For example, in *Allstate Ins. Co. v. Swain*, 921 So. 2d 717 (Fla. Dist. Ct. App. 2006), the court reversed the trial court's order compelling discovery, because "the requested discovery was not relevant to the litigation." *Id.* at 718. An Allstate employee and insured filed a claim under her Allstate umbrella policy for sanctions of fees and costs awarded against her in

an ERISA suit against Allstate.  Allstate filed a coverage declaratory judgment action in which it asked for a coverage determination as to whether the fees and costs constituted damages based on personal injury under the policy language.

The insured served Allstate with broad discovery requests similar to the deposition notice here.  The deposition notice in *Swain* requested information and documents regarding the drafting, marketing, and interpretation of the umbrella policies; the training of agents and employees on the policies; and any claims made under the policies on which fees and costs were paid.  The trial court ordered Allstate to answer this discovery.

On appeal, the court reversed.  The court held "[t]he construction of an insurance policy is a question of law to be determined by the court."  *Id*. at 719.  Accordingly, the court held the discovery was irrelevant to construction of the policy: "If, after construing the policy, the court finds that more than one interpretation is possible, it must resolve the ambiguity against the insurer who drafted the language of the insurance contract.  …  The documents and information requested from Allstate are completely unnecessary to the determination of the coverage issue presented in this case.  Allstate, therefore, should not be required to comply with the discovery requests." *Id.*

Similarly, the court prohibited a deposition of the insurer in a coverage suit in *Diamond State Ins. Co. v. His House, Inc*., No. 10-20039-CIV, 2011 WL 146837 (S.D. Fla. Jan. 18, 2011). The insurer filed a declaratory judgment to determine coverage under professional liability and commercial general liability policies.  The insured was sued for wrongful death of a child who had been removed from the home by the state department of child welfare and placed in the insured's custody.  The coverage issues were whether the event was a "professional social

services" and "wrongful act" under the professional liability policy and whether the death occurred before inception of the commercial general liability policy.

The insured sought to compel the insurer to produce a corporate representative for deposition under Rule 30(b)(6).   As here, the deposition notice was broad; the areas of examination were: the polices at issue in this cause; the issuance and procurement of the policies; underwriting considerations in issuing the policies and setting the premiums; the insurer's interpretation of the policies; application for the policies and the overall application process, including the potential liability for the underlying claim; and the insurer's handling of the insured's claim and ultimate denial.  *Id.* at *3.

The insurer argued in opposition that the deposition topics were not relevant because the coverage question turned on interpretation of the policy language, which is a matter of law for the court.   The court agreed, holding: "deposition testimony of Diamond's corporate representative on the topics identified by [the insured] are irrelevant to the resolution of this declaratory action."  *Id*. at *4.

The court held the "proponent of a motion to compel discovery [still] bears the initial burden of proving that the information sought is relevant," and the insured failed to "show how the testimony sought would be relevant to the claims and issues currently before the court in this action…" *Id.* at *5.  The court held

> …that deposition testimony of Diamond's corporate representative on the topics identified by [the insured] are irrelevant to the resolution of this declaratory judgment action.  First, if the Court determines that the language of [the policies] are [*sic*] unambiguous, then the Court will resolve the dispute about coverage based upon the plain language of those policies without resort to extrinsic evidence, including any interpretation by Diamond's corporate representative regarding the language or terms of the policies.  Second, in the event that the Court determines the policy language is ambiguous, Defendants will automatically prevail in the instant declaratory judgment action.

*Id.* at \*4.   The court concluded, "Thus, under either scenario, the testimony of Diamond's corporate representative is irrelevant."   *Id.   See also Canal Ins. Co. v. U.S. Fire Ins. Co.*, No. Civ.A.04-0094 KD C, 2006 WL 752979 (S.D. Ala. Mar. 20, 2006) (vague assertion that insurer deposition would provide relevant evidence in insurance coverage declaratory judgment did not warrant the discovery).

10.     Whether Plaintiffs are entitled to coverage under the National Union policy is dependent upon the language of the applicable contract between GP and S&S, the language in the National Union policy, and the facts of the *Southerland* case.   The deposition of a National Union representative will not afford relevant or admissible evidence to assist the Court in its determination of coverage.   Therefore, National Union requests the Court to preclude the deposition of a National Union corporate representative.

### In the Alternative, Discovery as to Certain Areas of Inquiry Should Be Precluded

11.     In the alternative, the Court should preclude testimony as to certain areas of inquiry contained in the deposition notice.

12.      As set forth in National Union's Motion to Bifurcate Bad Faith Claims and Stay Bad Faith Discovery (doc. 126), National Union seeks protection from discovery designed to support Plaintiffs' "bad faith" claims.   Plaintiffs' 30(b)(6) deposition notice requires National Union to offer testimony on the investigation and evaluation of the claim.   The evidence sought by Plaintiffs is parol evidence, which is neither relevant nor admissible as to Plaintiffs' claim for coverage.   *See, e.g, James 3 Corp. v. Truck Ins. Exchange*, 111 Cal. Rptr. 2d 181 (Cal. Ct. App. 2001) (insurer's claims files, correspondence, bills, invoices, reports, coverage evaluations, and claim or billing procedures were irrelevant and not subject to discovery in declaratory judgment action); *Castle Key Ins. Co. v. Benitez*, 124 So. 3d 379 (Fla. Dist. Ct. App. 2013) (claims file not

subject to production prior to resolution of whether coverage exists); *State Farm Fla. Ins. Co. v. Aloni*, 101 So. 3d 412 (Fla. Dist. Ct. App. 2012); *Nationwide Ins. Co. of Fla. v. Demmo*, 57 So. 3d 982 (Fla. Dist. Ct. App. 2011); *Seminole Cas. Ins. Co. v. Mastrominas*, 6 So. 3d 1256 (Fla. Dist. Ct. App. 2009), and *Granada Ins. Co. v. Ricks*, 12 So. 3d 276 (Fla. Dist. Ct. App. 2009). As more fully set forth in National Union's Motion to Bifurcate Bad Faith Claims and Stay Bad Faith Discovery (doc. 126), National Union will be prejudiced and economy will not be served if National Union is required to respond to "bad faith" discovery before Plaintiffs have established a right to coverage under the policy.   Therefore, National Union requests a protective order precluding such discovery.

13.    National Union also seeks protection from any inquiry into the ongoing litigation GP has brought against S&S, the named insured under National Union's policy.   Plaintiffs' claims against S&S for contractual indemnity implicate coverage under the National Union policy.   Plaintiffs seek testimony from National Union's corporate representative relative to this ongoing litigation as well as all communications between S&S and National Union.   Alabama law prohibits a third-party claimant from obtaining from an insurer information relating to threatened or active litigation against its insured.   *See Ex Parte State Farm Mut. Auto. Ins. Co.*, 386 So. 2d 1133 (Ala. 1980); *Ex Parte Nationwide Mut. Fire Ins. Co.*, 898 So. 2d 720, 724 (Ala. 2004) ("The protection of [the work-product privilege] extends *in any event* to 'the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.'" (emphasis in original) (internal citations omitted)).

14.    Lastly, National Union seeks protection from any inquiry into communications, decisions, file materials, or any activity, which postdates filing of this matter.   Any investigation and evaluation performed or communications prepared during this coverage litigation constitute

protected work product.  Rule 26(b)(3)(A) protects from discovery information "prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer or agent.)"

15.    As to the specific areas of inquiry, National Union objects as follows:

**<u>Specific Objections</u>**

**RULE 30(b)(6) TOPICS**

**2.    All factual and legal grounds for (a) all coverage defenses asserted by Deponent in any Reservation of Rights letter(s) issued to S&S Sprinkler and/or GP; (b) the decision not to authorize settlement funds on behalf of GP; and (c) the ultimate denial of coverage as to GP.  This topic includes, without limitation, the identification, interpretation and application of (a) all pertinent policy provisions and (b) all facts relied upon in support of the decision by Deponent to deny coverage to GP.**

To the extent this topic includes any inquiry into the coverage available to S&S, National Union's named insured, National Union seeks an order prohibiting same as the coverage available to S&S is not relevant to any issue involved in this action.

National Union requests a protective order as to questions which require a legal conclusion, as those questions infringe on the work product doctrine.  National Union further requests a protective order as to questions which require National Union's corporate representative to interpret policy provisions, as the interpretation of the policy is for the Court to decide.

**3.    All decisions made, and actions taken and not taken, by the Deponent on S&S Sprinkler's and on GP's claims for coverage from the moment the Deponent was notified of the claims until the date of the Deponent's Rule 30(b)(6) deposition herein.**

To the extent this topic includes any inquiry into the coverage available to S&S, National Union's named insured, National Union seeks an order prohibiting same as the coverage available to S&S is not relevant to any issue involved in this action.  Furthermore, to the extent

this topic includes any inquiry into activities of National Union since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

**4.  All defenses asserted in the Deponent's Answer(s) and other pleadings filed in the instant lawsuit, or otherwise.**

National Union objects to questions which require a legal conclusion, as those questions infringe on the work product doctrine.  The granting of a motion for protective order is appropriate on work product grounds when the deposition notice is "intended to elicit [defendant's] counsel's advice, [defendant's] counsel's view as to the significance or lack thereof of particular facts, or any other matter that reveals [defendant's] counsel's mental impressions concerning the case." *Protective Nat'l Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 277 (D. Neb. 1989); *Security Ins. Co. of Hartford v. Trustmark Ins. Co.*, 218 F.R.D. 29, 33-34 (D. Conn. 2003); *Smith v. General Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, *3 (S.D. Ohio. Apr. 13, 2006).

As stated by the District Court of Massachusetts, "drawing a line between questions which seek to elicit facts and questions which will lead to a revelation of work-product matters can be difficult." *Fidelity Management & Research Co. v. Actuate Corp.*, 275 F.R.D. 63, 64 (D. Mass. 2011).

> The reason is simple – complaints and answers, including affirmative defenses, are drafted by attorneys, and asking a 30(b)(6) witness, usually a non-lawyer, to answer this type of questions [*sic*] after being prepared in the manner of 30(b)(6) witnesses makes it extremely difficult to distinguish between "facts" (not protected) and the issue of why those facts have legal consequences, which usually has a work-product (lawyer's mental impressions) dimension.  This problem is more acute since it is most likely that the lawyer was the source of the information which was provided to the 30(b)(6) witness so that he could answer the questions on behalf of the corporation and bind the corporation to those answers.

*Id.* Therefore, National Union seeks a protective order precluding questions regarding the legal consequences, interpretation or importance of the defenses asserted by National Union in its Answer.

**6.     All underwriting policy and procedures relating to the issuance of "Additional Insured Endorsements," generally, and the Additional Insured Endorsement issued to GP in connection with S&S Sprinkler in this case.   This includes testimony concerning the facts surrounding the issuance of the Additional Insured Endorsement to GP under the relevant policies and the Deponent's knowledge and acquiescence of same.**

National Union seeks an order prohibiting inquiry into this topic.  As an initial matter, National Union did not issue an Additional Insured Endorsement to GP.  The National Union policy, including all endorsements, was issued to its named insured, S&S.  Second, any discovery related to additional insured endorsements generally is not sufficiently limited in scope and not reasonably calculated to lead to the discovery of admissible evidence, as only the additional insured provision at issue is the one pursuant to which Plaintiffs seek coverage.  Last, until Plaintiffs establish they are entitled to coverage, discovery into underwriting files is not warranted.  *See, e.g., Mei Pang v. Farmers Ins. Group,* 10 N.E.3d 301 (Ill. App. Ct. 2014) (plaintiff not entitled to discovery of underwriting file, policy forms, and underwriting manuals in suit to establish coverage under an insurance policy as relevancy of said discovery was not established) and *State Farm Mut. Auto. Ins. Co. v. O'Hearn*, 975 So. 2d 633 (Fla. Dist. Ct. App. 2008) (holding underwriting file was not subject to discovery until insurer's liability under the policy was established).

**7.     All verbal and written communications relating to facts, legal issues, settlement, and (broadly) coverage issues arising from the Southerland lawsuit between the Deponent and:**

**a.     Deponent's Named Insured, S & S Sprinkler, including its agents, servants, employees, representatives, brokers, independent contractors, and attorneys;**

**b.     Deponent's Named Insured's insurance brokers, Turner Insurance and Bonding Co., Inc., and CRC Insurance Services, Inc.;**

**c.     Deponent's Additional Insured, GP, and;**

      **d.**     **Zurich Insurance Company, either directly or through its TPA, Creative Risk Solutions.**
      **e.**     **Any other insurers of S&S or GP.**

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same as the coverage available to S&S is not relevant to any issue involved in this action.  Moreover, National Union has an open claim for S&S with regard to Plaintiffs' ongoing contractual indemnity claim against S&S related to the underlying *Southerland* lawsuit, and any inquiry into that claim is impermissible, as it is protected by the work-product doctrine.

Furthermore, National Union seeks an order prohibiting inquiry into any communications between it and any other party except Plaintiffs, as they are protected by the work-product doctrine as well and are otherwise irrelevant to any claim or defense in this action.

      **8.**     **Policies and procedures (written and in practice) of Deponent regarding:**
      **a.**     **claims handling, including duties owed to its insureds in the claims handling process;**
      **b.**     **denial of claims;**
      **c.**     **investigation of claims;**
      **d.**     **communication of denial of claims to insured;**
      **e.**     **document retention (both paper and digital); and**
      **f.**     **claims handling computer software systems and the identity of any "IT" vendors utilized by Deponent regarding the same;**
      **g.**     **application of any of the policy defenses asserted by Deponent, including how such policy defenses have been handled in the context of other similar claims.**

National Union seeks an order prohibiting inquiry into this topic, as discovery into its claims files and policies and procedures is not discoverable unless and until coverage is established.  National Union's investigation and evaluation constitute parol evidence which is not relevant or admissible in this action unless and until coverage is established.

Furthermore, this area of inquiry is immaterial, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.  There are no allegations in this lawsuit which

make relevant discovery into National Union's document retention policies and claims handling software or other claims.

**9.     The existence of any coverage opinions by coverage counsel and whether (or not) any such opinions were relied upon by Deponent for the issuance of any Reservation of Rights letter and/or denial of coverage at any time to S&S and/or GP.**

National Union seeks an order prohibiting inquiry into this topic, as it is clear under Alabama law that coverage opinions are protected from discovery by both the attorney/client privilege and the work-product doctrine. *See Ex Parte Great Am. Surplus Lines Ins. Co.*, 540 So. 2d 1357, 1358 (Ala. 1989) ("[W]e find that the 'opinion letter' represents a communication from the attorney to the client, and that it is, therefore, a privileged communication. Any further discussion of this issue in unnecessary.") Moreover, inquiry into coverage issues pertaining to S&S is improper because it is irrelevant to this lawsuit for the reasons stated above.

**10.     The identity and content of all items contained in the Deponent's claim file(s) pertaining to the underlying Southerland lawsuit and the claim for coverage by GP at all times.**

National Union seeks an order prohibiting inquiry into this topic, as discovery into its claims files is not discoverable unless and until coverage is established. National Union's investigation and evaluation constitute parol evidence which is not relevant or admissible in this action unless and until coverage is established. Furthermore, this area of inquiry seeks information protected by the attorney/client privilege and/or the work-product doctrine.

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same. National Union has an open claim for S&S with regard to Plaintiffs' ongoing contractual indemnity claim against S&S related to the underlying *Southerland* lawsuit, and any inquiry into that claim is impermissible, as it protected by the work-product doctrine.

Furthermore, to the extent this topic includes any inquiry into activity since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

**11.      The decision making process, including grounds, reasons, rationale, the basis for same and the individuals involved, for not offering or authorizing any settlement funds prior to Mediation I and Mediation II in the underlying Southerland lawsuit.**

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same. Furthermore, to the extent this topic includes any inquiry into activity since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

National Union requests a protective order as to questions which require a legal conclusion as those questions infringe on the work product doctrine. National Union further requests a protective order as to questions which require National Union's corporate representative to interpret policy provisions as the interpretation of the policy is for the court to decide.

**12.      Facts concerning whether Deponent was afforded an opportunity and access to defense materials arising from the underlying Southerland lawsuit, including any claim file materials from Zurich and/or its TPA; whether Deponent took advantage of that opportunity; and, actions taken or not taken by Deponent regarding same.**

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same. National Union has an open claim for S&S with regard to Plaintiffs' ongoing contractual indemnity claim against S&S related to the underlying *Southerland* lawsuit, and any inquiry into that claim is impermissible, as it protected by the work-product doctrine.

Furthermore, to the extent this topic includes any inquiry into activity since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

**13.    All action(s) taken and not taken by Deponent when notified of the imminent settlement reached in, and as a result of, Mediation II.**

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same.  Furthermore, to the extent this topic includes any inquiry into activity since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

**15.    All items in Deponent's file at the time it made the decision (a) to deny GP's claim for coverage and (b) to refuse to authorize funds to be used towards settlement of the underlying Southerland lawsuit.**

National Union seeks an order prohibiting inquiry into this topic, as discovery into its claims files is not discoverable unless and until coverage is established.  National Union's investigation and evaluation constitute parol evidence which is not relevant or admissible in this action unless and until coverage is established.  Furthermore, this area of inquiry seeks information protected by the attorney/client privilege and/or the work-product doctrine.

To the extent this topic includes any inquiry into coverage for S&S, National Union's named insured, National Union seeks an order prohibiting same.  National Union has an open claim for S&S with regard to Plaintiffs' ongoing contractual indemnity claim against S&S related to the underlying *Southerland* lawsuit, and any inquiry into that claim is impermissible, as it protected by the work-product doctrine.

Furthermore, to the extent this topic includes any inquiry into activity since the filing of this lawsuit, such inquiry is impermissible as such activity is protected by Rule 26(b)(3)(A).

**16.    Premiums charged to its insured(s) for coverage.**

National Union seeks an order prohibiting inquiry into this topic, as it is immaterial, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence.

Furthermore, information related to the premiums charged to S&S is confidential.  Plaintiffs, because they are not named insureds, did not pay premiums.

**17.    Deponent's corporate structure and ownership.**

National Union seeks an order prohibiting inquiry into this topic, as it is immaterial, irrelevant, and not reasonably calculated to the lead to the discovery of admissible evidence. Furthermore, such information was disclosed by National Union in its Corporate Disclosure Statement.

**18.    All relevant information concerning the issues in the case within the personal knowledge of the Deponent's Rule 30(b)(6) representative.**

National Union seeks an order prohibiting inquiry into this topic to the extent this request seeks information that is protected by the attorney/client privilege or work-product doctrine or is otherwise beyond the scope of discovery relevant to the claims made in this case.  Moreover, this topic is overbroad and vague to the extent it seeks to impose obligations under Rule 30(b)(6) on a fact witness.

WHEREFORE, premises considered, National Union prays this Honorable Court will grant its Motion for Protective Order.

/s/ John W. Dodson
John W. Dodson          (ASB-9724-D65J)
Michelle L. Crunk       (ASB-2967-I71C)
*Attorneys for National Union Fire Insurance*
*Company of Pittsburgh, Pa.*

OF COUNSEL:
DODSON GREGORY, LLP
P.O. Box 530725
Birmingham, Alabama 35253-0725
jwd@dodsongregory.com
mlc@dodsongregory.com

## <u>CERTFICATE OF SERVICE</u>

I hereby certify that on this the 4th day of March, 2016, I have served the foregoing document to all counsel of record via CM/ECF.

Mack B. Binion
Sarah Bond Dorger
BRISKMAN & BINION, P.C.
P.O. Box 43
Mobile, Alabama 36601
mbinion@briskman-binion.com
sdorger@briskman-binion.com

M. Warren Butler
Scott D. Stevens
STARNES DAVIS FLORIE, LLP
P.O. Box 1548
Mobile, Alabama
wbutler@starneslaw.com
sstevens@starneslaw.com

Stanley A. Cash
John D. Herndon
HUIE, FERNAMBUCQ & STEWART, LLP
2801 Hwy 280 South, Suite 200
Birmingham, Alabama 35223
scash@huielaw.com
jherndon@huielaw.com

Howard K. Glick
Lindsey P. Hembree
SIMPSON, MCMAHAN, GLICK & BURFORD, PLLC
2700 Highway 280, Suite 203W
Birmingham, Alabama 35223
hkglick@smgblawyers.com
lphembree@smgblawyers.com

J. Rushton McClees
Jaime C. Erdberg
SIROTE & PERMUTT, PC
P.O. Box 55727
Birmingham, Alabama 35255
rmcclees@sirote.com
jerdberg@sirote.com

Daniel S. Wolter
DANIEL WOLTER LAW FIRM, LLC
402 Office Park Drive, Suite 100
Birmingham, Alabama 35223
dwolter@wolterlawfirm.com

/s/ John W. Dodson
OF COUNSEL