IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 15-0342-WS-B ) |
| ZURICH AMERICAN INSURANCE COMPANY, etc., et al., | ) ) ) |
| Defendants. | ) ) |

ORDER

This matter is before the Court on the motions of defendants CRC Insurance Services, Inc. ("CRC") and Turner Insurance and Bonding Company, Inc. ("Turner") to dismiss or, in the alternative, to stay. (Docs. 104, 105). The parties have filed briefs in support of their respective positions, (Docs. 104, 123, 131, 132), and the motions are ripe for resolution. After careful consideration, the Court concludes the motions are due to be denied.

BACKGROUND

According to the third amended complaint, (Doc. 182) ("the complaint"),[1] the entity plaintiff ("GP") operates a paper mill facility in Choctaw County. One defendant ("S&S") contracted with GP to perform work at the facility, in the

---

[1] The motions to dismiss are directed toward the second amended complaint. (Doc. 85). Following the completion of briefing, the plaintiffs filed a motion for leave to file a third amended complaint. (Doc. 155). After all defendants declined the opportunity to object, the Court granted the motion. (Doc. 181). The third amended complaint is thus now the operative pleading. *E.g., Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011) ("[U]nder the Federal Rules of Civil Procedure, an amended complaint supersedes the initial complaint and becomes the operative pleading in the case ….") (internal quotes omitted). However, because the third amended complaint makes no changes material to the motions to dismiss, (Docs. 155, 183-84), the motions can and will be decided without re-briefing. (Doc. 185).

course of which an employee of S&S was killed. S&S had agreed to obtain insurance in favor of GP and its officers and agents (including the individual plaintiff). Turner and CRC contracted with S&S to obtain the required insurance. The primary insurer paid its policy limits, but the first- and second-tier excess carriers denied coverage. The third amended complaint asserts claims against Turner and CRS for: breach of contract (Count Six); negligence (Count Seven); and fraud/misrepresentation (Count Eight).

## DISCUSSION

The motions to dismiss are based on the proposition – supported exclusively by Florida precedent – that "an insurance agent or broker may not be sued for professional liability until and unless it is first determined that there is no coverage under the insurance policies at issue." (Doc. 104 at 2). The movants may have shown this to be the rule in the Sunshine State, where a claim against a broker for negligent failure to procure insurance "accrues when the client incurs damages at the conclusion of the related or underlying judicial proceedings,"[2] but the plaintiffs point out that, under Alabama law, their claims against the movants accrued when the excess insurers notified them they would not honor their claim. (Doc. 123 at 3 (citing *Bush v. Ford Life Insurance Co.*, 682 So. 2d 46, 47 (Ala. 1996)). The movants in reply do not disagree, but they say that since, despite accrual, the earliest limitations period will not expire until several months after the scheduled trial of this matter, the plaintiffs could wait to sue them without risking a limitations defense. (Doc. 131 at 2 n.1). But the question on motion to dismiss, as framed by the movants in their principal brief, is not whether it would be *preferable* in some sense for the plaintiffs not to sue them until completing their

---

[2] *Blumberg v. USAA Casualty Insurance Co.*, 790 So. 2d 1061, 1063 (Fla. 2001). The movants do not cite *Blumberg*, but the cases they do cite all rely on that decision. (Doc. 104 at 2-3).

2

suit against the excess insurers, but whether such a delay in filing suit is legally *mandatory*. The movants have failed to show that it is.

The alternative motion for a stay is accompanied by no argument at all, (Doc. 104 at 4), which is necessarily insufficient to support such relief. In reply, the movants suggest that the discovery and evidence relevant to the claims against them has "n[o] overlap" with the discovery and evidence relevant to the claims against the excess insurers, such that delaying discovery and trial until the excess carriers' liability is resolved will not "create inefficiencies." (Doc. 132 at 3-4). This argument comes too late to be considered[3] but, in any event, the Court does not find it persuasive either factually or as justification for a stay.

## CONCLUSION

For the reasons set forth above, the motions to dismiss or, in the alternative, to stay are **denied**.[4]

DONE and ORDERED this 25th day of April, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] "District courts, including this one, ordinarily do not consider arguments raised for the first time on reply." *Gross-Jones v. Mercy Medical*, 874 F. Supp. 2d 1319, 1330 n.8 (S.D. Ala. 2012) (citing cases and explaining rationale).

[4] For the reasons set forth above and in its previous order, (Doc. 185), the movants' motions to dismiss the third amended complaint or, in the alternative, to stay, (Docs. 183, 184), are also **denied**.