IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | CIVIL ACTION 15-0342-WS-B |
| | ) | |
| ZURICH AMERICAN INSURANCE COMPANY, etc., et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the Court on the motions of two defendants ("Aspen" and "National") to bifurcate and to stay.  (Docs. 126,129).  The parties have filed briefs in support of their respective positions, (Docs. 126, 129, 147, 151, 153), and the motions are ripe for resolution.  After careful consideration, the Court concludes the motions are due to be denied.

## BACKGROUND

According to the third amended complaint, (Doc. 182) ("the complaint"), the entity plaintiff ("GP") operates a paper mill facility in Choctaw County.  One defendant ("S&S") contracted with GP to perform work at the facility, in the course of which an employee of S&S was killed.  S&S had agreed to obtain insurance in favor of GP and its officers and agents (including the individual plaintiff).  Aspen and National issued excess/umbrella policies but refused to investigate the matter or provide coverage and refused to participate in the ultimate settlement of the underlying lawsuit.  The complaint asserts claims against Aspen and National for:  breach of contract (Count One); negligence (Count Two); bad faith (Count Three); abnormal bad faith (Count Four); and

declaratory relief (Count Nine).  Aspen and National would like the Court to bifurcate the bad faith claims from the other claims and to stay discovery on the bad faith claims pending resolution, by trial or otherwise, of the other claims.

## DISCUSSION

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims …." Fed. R. Civ. P. 42(b).  The rule invests trial courts with "broad discretion" whether to order bifurcation.  *Harrington v. Cleburne County Board of Education*, 251 F.3d 935, 938 (11th Cir. 2001).

The parties agree that a breach of the insurance contract is an element of any bad faith claim, normal or abnormal.  It is thus correct that a ruling against the plaintiffs on their contract claim necessarily dooms their bad faith claims.  In light of this relationship, the movants argue that bifurcation of discovery and trial will both further judicial economy and avoid undue prejudice.  They cite opinions from a number of jurisdictions that have engaged in such bifurcation in bad faith cases, sometimes with explanation, sometimes without, and sometimes by resort to a formal rule specifically addressing the issue.[1]  The plaintiffs for their part cite a number of cases ruling that such bifurcation is inappropriate, in general or under the particular circumstances.

The Court has experimented with bifurcation of bad faith claims and has found no improvement in judicial economy.  As National concedes, (Doc. 126 at 12), such improvement in economy is possible only if the movants ultimately prevail on the contract claim; otherwise, two rounds of discovery, dispositive motions and trial are required, rather than one – a result opposed to judicial economy.  While the movants assure the Court they will prevail on the contract

---

[1] No such rule governs this case.

claim, their arguments, as raised in the instant motions and in their previously denied motions to dismiss, leave ample room for skepticism on that score.

The movants say bifurcation promotes efficiency because there is no appreciable overlap in the discovery and evidence needed to resolve the contract and bad faith claims. The Court is not so sure.  Both Aspen and National rely on provisions of their respective policies to make the case there is no coverage, but they have failed to show that these provisions unambiguously negate coverage.  If the policies are ambiguous, the movants concede that extrinsic evidence may be appropriate to resolve the ambiguity, and the Court has been provided no assurance that such extrinsic evidence could not include evidence also relevant to the bad faith claims.[2]

Furthermore, the movants overlook that the plaintiffs also bring a claim for negligent failure to settle the underlying lawsuit.  Under the movants' proposal, discovery and resolution of that claim would proceed alongside the contract claim, and the movants have not even asserted, much less shown, that none of the discovery and evidence relevant to the bad faith claim is relevant to the negligence claim as well.  The Court's brief research suggests there would be extensive overlap.[3]

Finally, the movants seek to further entangle the contract and bad faith claims by proposing that the Court resolve, in the first phase of the bifurcated

---

[2] Aspen seems to suggest that the policies cannot be ambiguous because the plaintiffs allege the policies are unambiguous in a manner that supports them while the movants maintain the policies are unambiguous in a manner that supports them. The Court, however, not the parties, will determine whether the policies are ambiguous.

[3] *See Mutual Assurance, Inc. v. Schulte*, 970 So. 2d 292, 296 (Ala. 2007) (as between negligent failure to settle and bad faith failure to settle, "the facts necessary to establish these separate claims are usually closely related"); *State Farm Mutual Automobile Insurance Co. v. Hollis*, 554 So. 2d 387, 389-90 (Ala. 1989) (in a negligent-failure-to-settle case, the insurer must make a diligent investigation of the facts necessary to make an informed decision about whether to settle); *Nationwide Mutual Insurance Co. v. Smith*, 194 So. 2d 505, 506-07, 513 (Ala. 1966) (evidence, *inter alia*, that the insurer's counsel advised the insurer of a reasonable possibility of a verdict in excess of policy limits supported a verdict in favor of the insured for negligent failure to settle).

proceedings, whether they had an arguable reason for denying coverage (the third element of a bad faith claim).

The movants identify the relevant prejudice as the plaintiffs' discovery of information and documents that were prepared in anticipation of litigation, constitute work product, or are subject to attorney-client or other privilege. They do not suggest they would lose otherwise applicable objections to discovery simply because the action is not bifurcated; instead, all they appear to be saying is that the plaintiffs would gain earlier access to certain information and documents that they would receive only later (or not at all, if the movants prevail on the contract claim) were the case bifurcated. This may be inconvenient or even embarrassing, but it hardly seems to amount to meaningful prejudice. The movants remain free to seek entry of an appropriate protective order governing the use, sharing, return or destruction, etc., of any sensitive information and documents that may be produced.

The movants argue that S&S would also be prejudiced by early discovery, in that materials the plaintiff could not obtain on the basis of their indemnity claim against S&S may be obtainable on the basis of their bad faith claims. Since Aspen insists that all such material is irrelevant to the indemnity claim, it is unclear what real danger to S&S actually exists. At any rate, S&S is perfectly capable of protecting its own interests, and it has not seen fit to join in or to support the instant motions to bifurcate.

The movants do not appear to argue they would be prejudiced by a trial of the contract and bad faith claims together. As they repeatedly insist the contract claim will be resolved by the Court prior to trial, it seems clear that such prejudice is a remote possibility. Certainly the movants have not demonstrated that any prejudice from such a joint trial would be so severe as to warrant bifurcation.

## CONCLUSION

The plaintiffs assert that the movants bear the burden of persuading the Court that bifurcation is appropriate.  (Doc. 147 at 2).  The movants voice no disagreement with this proposition, which is supported by authority within this Circuit.[4]  The movants have failed to persuade the Court to invoke its "broad discretion" in favor of bifurcation.  Nor is the Court persuaded to stay bad faith discovery pending resolution of the plaintiffs' contract claims.  For the reasons set forth above, the motions to bifurcate and to stay are **denied**.

DONE and ORDERED this 26th day of April, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *E.g., Bitpay, Inc. v. Massachusetts Bay Insurance Co.*, ___ F.R.D. ___, 2016 WL 1105263 at *1 (N.D. Ga. 2016) ("The burden to show that bifurcation is warranted is on the party requesting bifurcation."); *accord Brown v. Toscano*, 630 F. Supp. 2d 1342, 1345 (S.D. Fla. 2008); *Lankhorst v. Independent Savings Plan Co.*, 2013 WL 5671303 at *2 (M.D. Fla. 2013); *Cole v. Morgan*, 2010 WL 4038607 at *2 (N.D. Fla. 2010).