IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CIVIL ACTION 15-0342-WS-B ) |
| ZURICH AMERICAN INSURANCE COMPANY, etc., et al., | ) ) ) ) |
| Defendants. | ) |

**ORDER**

The remaining insurer defendants ("Aspen" and "National") have filed motions for leave to file certain materials under seal. (Doc. 272, 277). They say they are doing so only because the plaintiffs insist upon their being placed under seal. The information at issue is the amount of the settlement in the underlying lawsuit and certain material from a defense expert.[1]

The Court provided the plaintiffs, as the parties chiefly interested in maintaining the confidentiality of the information, an opportunity to respond to the motions. (Doc. 281). The Court also reminded the plaintiffs of the "good cause" standard they must meet in order to justify maintaining the material under seal. (Doc. 265). The plaintiffs, however, filed only a "notice of no response," in which they say they "ha[ve] no response to these motions." (Doc. 295 at 1). Such a statement of course falls far short of meeting their burden.

Curiously, immediately after insisting they have no response, the plaintiffs offer one. The materials, they say, are subject to a protective order in the

---

[1] The materials sought to be filed under seal include an unredacted brief showing the settlement amount; testimony mentioning the settlement amount; the expert's report; a document addressing his findings; his declaration; his curriculum vita; his deposition; and photographs of the accident site.

underlying litigation and to the plaintiffs' agreement with third parties in the underlying litigation. (Doc. 295 at 2). As the Court has already noted, (Doc. 265 at 2), the agreement of litigants or others *inter se* to keep materials confidential does not suffice to override the public's right of access to material filed in support of, or in opposition to, a substantive motion. Nor does the existence of a protective order, especially one entered by agreement of the parties without any independent judicial determination of the justification for withholding materials from the public. (*Id*.). *Accord Suell v. United States*, 32 F. Supp. 3d 1190, 1192 (S.D. Ala. 2014). The plaintiffs make no effort to show that the state court performed the necessary analysis and made a reasoned decision that good cause existed to withhold the subject materials from public view, in general or when submitted in connection with a substantive motion. Indeed, they make no effort to show that the state protective order even addressed the filing of such materials.

The Court must still consider the reasons offered by Aspen and National (quoting an e-mail from plaintiffs' counsel) for placing the materials at issue under seal. The confidentiality of the settlement amount, they say, was a "material term" of the settlement agreement, while the expert relied on "confidential information provided" him in the underlying litigation. Moreover, the expert "has not been previously disclosed as a liability expert by any defendant." (Doc. 272 at 2; Doc. 277 at 2).

The Court concludes that the parties have shown good cause for maintaining the confidentiality of the settlement amount. The good cause determination "requires balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential." *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (internal quotes omitted). Among the factors to be considered is "whether allowing access would … harm legitimate privacy interests." *Id*. Defendants commonly make confidentiality a condition of a settlement, usually in order not to foster additional lawsuits, and withdrawing such confidentiality whenever an opponent wishes to place the settlement amount

in the record would tend to discourage informal resolution of civil actions. Such a result would be in tension with "the policy of the law generally to encourage settlements." *In re: Jackson Brewing Co.*, 624 F.2d 599, 604 (5th Cir. 1980) (internal quotes omitted); *accord Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994) ("We favor and encourage settlements in order to conserve judicial resources.").

There are doubtless circumstances under which such concerns should give way to weightier ones. Thus, for example, the Court generally requires public disclosure of the settlement amount in an FLSA wage case, where congressional interest in transparency is in play.[2] But the Court perceives no circumstance calling for the present exposure of the settlement amount here – which does no more than reflect the amount in controversy in this action, brought by a landowner against a contractor and two insurers to recover amounts the landowner paid to settle the underlying action brought by the estate of the contractor's employee. The situation appears more akin to that in *Sweeney v. Athens Regional Medical Center*, 917 F.2d 1560 (11th Cir. 1990), where the panel elected not to mention the settlement amount "because such a revelation is not necessary to our discussion." *Id*. at 1565 n.5. The Court has considered the additional factors identified in *Romero*, 480 F.3d at 1246, and concludes that none of them call for a different resolution.[3]

On the other hand, the Court concludes that the parties have not shown good cause for maintaining the confidentiality of the expert witness's materials. His asserted reliance on "confidential information" simply invokes the same side agreements and/or protective orders as to which, as the Court has noted, the

---

[2] *E.g., Crabtree v. Volkert, Inc.*, 2013 WL 593500 at *4 (S.D. Ala. 2013).

[3] The Court does not and cannot rule that the settlement amount will forever remain secret. The plaintiffs seek money judgments against the defendants for various subsets of the settlement amount, and it seems doubtful the plaintiffs could obtain sealed judgments in those amounts. If the plaintiffs are successful in this lawsuit, only a little reverse engineering will be required to deduce the settlement amount.

3

plaintiffs have failed to make the necessary showing. And the asserted (but undemonstrated) failure of the defendants timely to identify him as an expert cannot make a difference, given the plaintiffs' failure to seek the exclusion of evidence from him on that basis.

For the reasons set forth above, the motions of Aspen and National for leave to file certain materials under seal are **granted** with respect to the settlement amount and are otherwise **denied**. For those same reasons, the similar but subsequently filed motion of defendant S&S Sprinkler, LLC ("S&S"), (Doc. 292), is likewise **denied**.[4] Aspen, National and S&S are **ordered** to file the subject materials, without seal, on or before **August 26, 2016**.[5]

DONE and ORDERED this 19th day of August, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] The embedded motion of S&S to order the plaintiffs to show cause why the expert materials should not be unsealed, (Doc. 292 at 3), is **denied as moot**.

S&S filed its motion under seal. This is improper, General L.R. 5.2(b)(2), and the Clerk is directed to unseal the motion.

[5] Aspen and National filed the entirety of the expert's deposition, even though it is clear they do not rely on every one of its 100+ pages. This is improper, Civil L.R. 5(a), and they are to avoid this practice in the future.