IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

**GEORGIA-PACIFIC CONSUMER PRODUCTS LP, etc., et al.,**

**Plaintiffs,**

**v.** ) **CIVIL ACTION 15-0342-WS-B**

**ZURICH AMERICAN INSURANCE COMPANY, etc., et al.,**

**Defendants.**

**ORDER**

The Court recently denied the plaintiffs' motion for partial summary judgment regarding their claim against defendant S&S Sprinkler Co. for breach of contract of indemnity. (Doc. 349). The Court ruled that the April 2014 purchase order ("the Purchase Order") was ambiguous as to whether it incorporated by reference the December 2008 Master Service Agreement ("the 2008 MSA"), that the parties' superficial treatment was insufficient to resolve the ambiguity based on rules of contract construction, and that the competing extrinsic evidence they offered presented a jury question. Because the plaintiffs failed to establish that the 2008 MSA (with its indemnity provision) was incorporated by reference into the Purchase Order, the Court did not reach any issue regarding the breach *vel non* of the indemnity provision.

The plaintiffs have now filed a motion for leave to file a renewed motion for partial summary judgment or, in the alternative, a motion to reconsider the Court's previous order. (Doc. 373). The Court considers these in reverse order.

**I. Motion to Reconsider.**

The grant or denial of a motion to reconsider is left to the discretion of the trial court. *Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000) (en banc). Such a motion may not be used as a vehicle to inject new arguments into the underlying motion, or to submit evidence previously available but not properly presented on the underlying motion. *Mays v. United States Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997). Nor may it be used to "relitigate old matters." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotes omitted). Instead, "[a] motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice." *Gibson v. Mattox*, 511 F. Supp. 2d 1182, 1185 (S.D. Ala. 2007) (internal quotes omitted).[1] As this Court has noted, "[m]otions to reconsider serve a valuable but limited function. They do not exist to permit losing parties to prop up arguments previously made or to inject new ones, nor to provide evidence or authority previously omitted. They do not, in short, serve to relieve a party of the consequences of its original, limited presentation." *Dyas v. City of Fairhope*, 2009 WL 5062367 at *3 (S.D. Ala. 2009). The plaintiffs, cognizant of these limitations, assert that reconsideration is needed "to correct an error law and fact … and/or avoid manifest injustice." (Doc. 373 at 7).

[1]While *Mays* and *Wilchombe* involved post-judgment motions under Rule 59(e), courts within this Circuit have often applied these principles to pre-judgment motions to reconsider. *E.g., Busby v. JRHBW Realty, Inc.*, 2009 WL 1181902 at *2 (N.D. Ala. 2009); *Controlled Semiconductor, Inc. v. Control Systemation, Inc*., 2008 WL 4459085 at *2 (M.D. Fla. 2008); *Eslava v. Gulf Telephone Co.*, 2007 WL 1958863 at *1 (S.D. Ala. 2007); *Summit Medical Center, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003). This is only sensible, since allowing parties to withhold arguments and evidence until after losing is equally destructive of judicial economy and fairness in either context. *E.g., Gibson*, 511 F. Supp. 2d at 1185 (even pre-judgment, "in the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy that is employed sparingly").

The Court ruled that, under Alabama law, when rules of construction do not resolve an ambiguity, the parties may present extrinsic evidence, with the resolution of factual issues arising from such evidence the province of the jury. The Court concluded that the parties' extrinsic evidence and the permissible inferences to be drawn therefrom were conflicting, necessitating resolution by a jury. (Doc. 349 at 7, 8-9).

The plaintiffs indicate the Court committed an error of law by not acknowledging an Alabama rule of construction that, "even where there is an ambiguity, summary judgment is appropriate where the undisputed facts establish the parties' intent." (Doc. 373 at 7). The only Alabama case they cite for this proposition does not support it. What the Court said in *McLemore v. Hyundai Motor Manufacturing, LLC*, 7 So. 3d 318 (Ala. 2008), was that, "if the terms within the contract are ambiguous in any respect, the determination of the true meaning of the contract is a question of fact to be resolved by a jury." *Id*. at 328 (internal quotes omitted). The *McClemore* Court also said, in the same language used by the Court in its previous order, that "[i]f the application of such rules [of contract construction] is not sufficient to resolve the ambiguity, factual issues arise," and "[w]here factual issues arise, the resolution of the ambiguity becomes a task for the jury." *Id*. at 327 (internal quotes omitted). The *McClemore* Court then repeated this concept and applied it in reversing the lower court's grant of summary judgment. *Id*. at 339 ("The language in the option agreements is ambiguous, and its meaning … cannot be determined without considering evidence outside 'the four corners' of the option agreements. … Thus, submission of the case to the jury is proper, and the summary judgment for [the defendant] is reversed.").

Even if the plaintiffs' statement of law were correct, they did not present it to the Court in support of their motion for partial summary judgment. As the Court noted in its earlier order, the only rule of contract construction invoked by the plaintiffs was that a court "must give effect to all terms of the instrument."

(Doc. 349 at 8). A losing party cannot stand silent as to the rules governing contract construction and then obtain reconsideration by objecting to the rules employed by the Court and offering new ones it never mentioned previously.

Even if the plaintiffs' statement of law were correct, and even had it been timely invoked, the Court's ruling was in accordance with it. The plaintiffs point to their extrinsic evidence and assert it is all undisputed. (Doc. 373 at 3-4). This is incorrect, both as to important elements of that evidence and as to the inferences to be drawn from it. Moreover, the defendants have presented their own competing package of extrinsic evidence, which points towards resolution of the ambiguity favorably to them.[2] Such a conflict in the evidence and reasonable inferences cannot possibly be resolved on motion for summary judgment.

Although the plaintiffs mention "error of … fact" and "manifest injustice," (Doc. 373 at 7), they identify none. As shown above, the only criticism the plaintiffs level at the Court's order exposes no such error or injustice.

For the reasons set forth above, the plaintiffs' motion to reconsider is **denied**.

## II. Motion for Leave to File Renewed Motion.

The plaintiffs filed their motion for partial summary judgment in July 2016, over two months before the deadline for filing dispositive motions. They were entitled to do so. Fed. R. Civ. P. 56(b). Having lost that motion, however, they have no unfettered right to try again.

"[W]e certainly do not approve in general the piecemeal consideration of successive motions for summary judgment, since defendants might well normally be held to the requirement that they present their strongest case for summary judgment when the matter is first raised …." *Allstate Finance Corp. v. Zimmerman*, 296 F.2d 797, 799 (5th Cir. 1961). The disfavored status of repeat

[2] The plaintiffs in the instant motion ignore this evidence, as they largely did in their reply brief in support of their motion for partial summary judgment.

motions for summary judgment, absent special circumstances, remains the law of this Circuit. *Fernandez v. Bankers National Life Insurance Co.*, 906 F.2d 559, 569 (11th Cir. 1990) ("'If good reason is shown why a prior denial of a motion for summary judgment is no longer applicable or should be departed from, the trial court may, in the exercise of sound discretionary power, consider a renewed motion for summary judgment, particularly when the renewed motion is based on an expanded record.") (quoting *Kirby v. P.R. Mallory & Co*., 489 F.2d 904, 913 (7th Cir. 1973)). The plaintiffs themselves recognize that the early filing of dispositive motions is permitted in order "to obtain judicial and legal economies," (Doc. 246 at 1 n.1), which economies would be negated – and fresh costs incurred – were repeat motions for summary judgment routinely allowed.

Consistent with these authorities and principles, the Court has adopted the following test for permitting a successive motion for summary judgment:

> Having elected to consume substantial judicial and litigant resources early in the game by filing their Motion for Summary Judgment near the inception of this case, the [defendants] will not be afforded a second bite at the summary judgment apple to raise arguments and present evidence that they could and should have submitted earlier, but did not. To proceed otherwise would be to allow litigants to treat their initial summary judgment motions as a "dry run" which they could have an opportunity to redo or supplement – at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources – via a new Rule 56 motion later on to correct any deficiencies identified by opposing counsel or the court in processing the initial motion. … Accordingly, the Court will consider a subsequent motion for summary judgment from the [defendants] only if it comports with the standards for reconsideration under Rules 59 and 60 of the Federal Rules of Civil Procedure, or if the [defendants] demonstrate that they are raising new, previously unavailable arguments and/or presenting new, previously unavailable evidence in support of their claims.

*Middlegate Development, LLP v. Beede*, 2011 WL 3475474 at *11 n.26 (S.D. Ala. 2011). The plaintiffs themselves identify the controlling test as whether "a clear

need arises to correct a manifest injustice." (Doc. 373 at 5 (internal quotes omitted)).

As discussed in Part I, the plaintiffs have uncovered no manifest injustice. Nor do they claim to have new arguments or evidence, previously unavailable, that would support a different result on a re-do. What they ask is simply an opportunity to make a more thorough and/or persuasive presentation than they accomplished with their previous effort.[3] Such a request amounts to the proverbial second bite at the apple, which neither the Eleventh Circuit nor this Court countenances.[4]

The plaintiffs correctly acknowledge that the decision whether to permit a successive motion for summary judgment is left to the Court's discretion. (Doc. 373 at 5). For the reasons set forth above, the Court declines to exercise its discretion in favor of a successive motion. The plaintiffs' motion for leave to file a renewed motion for partial summary judgment is **denied**.

DONE and ORDERED this 5th day of October, 2016.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] The plaintiffs, in their principal brief on motion for partial summary judgment, devoted less than two pages of argument to the issue whether the 2008 MSA supplied the terms and conditions governing the Purchase Order. (Doc. 246 at 20-21). Their reply brief added 4½ pages of argument. (Doc. 334 at 12-17). The plaintiffs' proposed brief in support of their proposed renewed motion for partial summary judgment, in contrast, devotes 12 pages of argument to the issue, (Doc. 373-2 at 17-28), plus an expanded statement of facts regarding the issue.

[4] The plaintiffs' previous motion was grounded on the doctrine of incorporation by reference. (Doc. 246 at 20; Doc. 334 at 13, 14). While their proposed renewed motion nominally retains that grounding, their analysis has shifted radically. On their previous motion, the plaintiffs argued that "the PO itself" establishes incorporation by reference. (*Id*. at 12). Now that this approach has proved problematic, the plaintiffs, in their proposed brief in support of their proposed renewed motion, abandon that effort and argue that the language of the 2008 MSA, "read together" with the PO, establishes incorporation by reference. (Doc. 373-2 at 18). This argument was previously available, and it furnishes no grounds for a renewed motion for summary judgment.